

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00062-CR

_____

KORWIN JEAMAL WILBURN A/K/A KORWIN LEANAL WILBURN,
Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1834273

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Korwin Jeamal Wilburn, also known as Korwin Leanal[1] Wilburn, attempts to appeal his October 23, 2024 conviction for assault family violence. *See* Tex. Penal Code Ann. § 22.01(a)(1). But his notice of appeal is untimely; it was due within thirty days of sentencing,[2] i.e., by November 22, 2024, and he did not file it until March 3, 2025—more than a hundred days after the deadline. *See* Tex. R. App. P. 26.2(a)(1).

Because "[o]ur appellate jurisdiction is triggered through a timely notice of appeal," *Reaves v. State*, No. 02-21-00092-CR, 2021 WL 3679248, at *1 (Tex. App.—Fort Worth Aug. 19, 2021, no pet.) (per curiam) (mem. op., not designated for publication), we sent Wilburn a letter expressing our concern that we lacked jurisdiction. We warned him that we could dismiss his appeal unless, within ten days, he showed grounds for continuing it. *See* Tex. R. App. P. 44.3. Far more than ten days have passed, but Wilburn has not responded.

---

[1]Although the judgment lists Wilburn's alias as "Korwin Leanal," his notice of appeal and accompanying plea paperwork spell his alias "Korwin Jeanal."

[2]Wilburn did not file a motion for new trial. However, even if he had, his notice of appeal would still have been due within ninety days of sentencing, i.e., by January 21, 2025, so his March 3 notice would still have been untimely. *See* Tex. R. App. P. 26.2(a)(2).

Accordingly, we dismiss the appeal for want of jurisdiction.[3]  *See* Tex. R. App. P. 26.2(a)(1), 43.2(f); *Reaves*, 2021 WL 3679248, at *1 (dismissing untimely appeal for want of jurisdiction).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 3, 2025

---

[3]Even if Wilburn's notice had been timely, the trial court's certification of his right of appeal reflects that he waived that right, and the judgment and plea paperwork bear this out.  *See* Tex. R. App. P. 25.2(a)(2).  Thus, timely or not, "[t]he appeal must be dismissed [because] a certification that shows the defendant has the right of appeal has not been made part of the record."  Tex. R. App. P. 25.2(d).